UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>                              Plaintiff,<br><br>         – against –<br><br>RUKKUS, INC,<br><br>                              Defendant. | **JURY TRIAL REQUESTED**<br><br>Index No.<br><br>ECF CASE<br><br>**COMPLAINT** |

1.      Plaintiff David Gordon Oppenheimer, by his attorney, Law Office of Ariel Berschadsky, files this complaint for copyright infringement against Defendant Rukkus, Inc., and states as follows:

## THE PARTIES

2.      Plaintiff is a citizen and resident of Asheville, North Carolina.

3.      Defendant is a corporation formed and existing under the laws of the State of New York, with its principal office at 222 Broadway, New York, NY 10038.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the copyright claims in this case pursuant to 17 USC § 501(a), as amended.

5.      This Court has personal jurisdiction over Defendant because it is a corporation duly formed and existing under the laws of the State of New York, is located in New York, and conducts and at all times relevant hereto has conducted business within this judicial district.

6.      Venue is proper pursuant to 28 USC §§ 1391 and 1400 because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

1

Plaintiff's Photography

7. Plaintiff is in the business of creating photographic images of concerts and special events, as well as images of land-based geographic features and architectural structures taken from terrestrial as well as aerial vantage points such as commercial and private aircraft.

8. Plaintiff features many of his photographs on his website, www.performanceimpressions.com, and on social media such as Flickr.

9. Plaintiff's website features his contact information and the licensing procedures for use of his photographs.

Plaintiff's Copyright - VAu 1-084-329

10. On November 15, 2011, Plaintiff obtained U.S. Copyright Registration VA 1-084-329 entitled "Unpublished Photos of Furthur in NYC and Atlantic City During Nov. 2011" and consisting of a grouping of photographs (the "**2011 Copyright Registration**"). A copy of the 2011 Copyright Registration is attached hereto as Exhibit A.

11. The 2011 Copyright Registration includes a photograph of the band Furthur taken by Plaintiff at Madison Square Garden on or about November 10, 2009 (the "**Furthur Photograph**"). A copy of the Furthur Photograph is attached hereto as Exhibit B.

12. The 2011 Copyright Registration, which is publicly available, provides the contact information to obtain "rights and permissions" to license the Furthur Photograph.

13. The 2011 Copyright Registration lists David Gordon Oppenheimer as both the Author and Claimant.

14. The 2011 Copyright Registration grants Rights and Permissions to David Gordon Oppenheimer, but not to any other individual or entity.

15. The Furthur Photograph was displayed on Plaintiff's website[1] bearing the watermark "© 2011 David Oppenheimer – Performance Impressions" and also providing the contact information to obtain "rights and permissions" to license the Furthur Photograph.

16. The Furthur Photograph is wholly original and copyrightable subject matter under the United States Copyright Act, and has economic value.

Plaintiff's Copyright - VAu 1-051-415

17. On December 27, 2010, Plaintiff obtained U.S. Copyright Registration VAu 1-051-415 entitled "2010 Unpublished Concert Photography by David Oppenheimer - Xmas Jam and More" consisting of a grouping of photographs (the "**2010 Copyright Registration**"). A copy of the 2010 Copyright Registration is attached hereto as Exhibit C.

18. The 2010 Copyright Registration includes a photograph of Haynes taken by Plaintiff at the Orange Peel in Asheville, North Carolina on or about December 10, 2010 (the "**Haynes Photograph**"). A copy of the Haynes Photograph is attached hereto as Exhibit D.

19. The 2010 Copyright Registration, which is publicly available, provides the contact information to obtain "rights and permissions" to license the Haynes Photograph.

20. The 2010 Copyright Registration lists David Gordon Oppenheimer as both the Author and Claimant.

21. The 2010 Copyright Registration grants Rights and Permissions to Performance Impressions LLC, but not to any other individual or entity.

22. The Haynes Photograph was displayed on Plaintiff's website[2] bearing the watermark "© 2010 David Oppenheimer."

---

[1] www.performanceimpressions.com/Furthur_Madison_Square_Garden_2011/content/Furthur_MSG_Nov_2011__OPP7456_large.html

3

23. Plaintiff's website also provided the contact information to obtain "rights and permissions" to license the Haynes Photograph.

24. The Haynes Photograph is wholly original and copyrightable subject matter under the United States Copyright Act, and has economic value.

<u>Plaintiff's Copyright - VAu 1-102-552</u>

25. On June 13, 2012, Plaintiff obtained U.S. Copyright Registration VAu 1-102-552 entitled "2012 Bonnarroo Music Festival Photos by David Oppenheimer" consisting of a grouping of photographs (the "**2012 Copyright Registration**"). A copy of the 2012 Copyright Registration is attached hereto as <u>Exhibit E</u>.

26. The 2012 Copyright Registration includes a photograph of Yasiin Bey aka Mos Def aka Dante Terrell Smith & Talib Kweli Greene with Black Star at Bonnaroo Music Festival taken by Plaintiff at the Bonnaroo Music Festival in Manchester, Tennessee on June 8, 2012 (the "**Bey Photograph**"). A copy of the Bey Photograph is attached hereto as <u>Exhibit F</u>.

27. The 2012 Copyright Registration, which is publicly available, provides the contact information to obtain "rights and permissions" to license the Bey Photograph.

28. The 2012 Copyright Registration lists David Gordon Oppenheimer as both the Author and Claimant.

29. The 2012 Copyright Registration grants Rights and Permissions to Performance Impressions LLC, but not to any other individual or entity.

---

[2] http://www.performanceimpressions.com/Warren_Haynes_Christmas_Jam_Pre-Jam_Xmas_Jam_2010/content/Warren_Haynes_Xmas_Jam_Pre-Jam_2878_large.html

30.   The Bey Photograph was displayed on Plaintiff's website[3] bearing the watermark "© 2012 David Oppenheimer."

31.   Plaintiff's website also provided the contact information to obtain "rights and permissions" to license the Bey Photograph.

32.   The Bey Photograph is wholly original and copyrightable subject matter under the United States Copyright Act, and has economic value.

Defendant's Infringements

33.   Beginning in or around the year 2015, Defendant participated in one or more of the following courses of infringing conduct: the reproduction, distribution, advertising, and promotion of illegal and unauthorized copies of the Furthur Photograph, Haynes Photograph, and Bey Photograph in the form of websites and social media to promote and advertise Defendant.

34.   These infringements were perpetrated by Defendant on the following webpages:

- rukkus.com/bette-midler-tickets/madison-square-garden-new-york-6-25-2015-336592/
- rukkus.com/the-who-tickets/madison-square-garden-new-york-10-27-2015-329929/
- rukkus.com/billy-joel-tickets/madison-square-garden-new-york-12-17-2015-402169/
- rukkus.com/warren-haynes-tickets/
- rukkus.com/black-star-tickets/

35.   A copy of Defendant's infringing use of the Furthur Photograph is attached hereto as Exhibit G.

36.   A copy of Defendant's infringing use of the Haynes Photograph is attached hereto as Exhibit H.

37.   A copy of Defendant's infringing use of the Bey Photograph is attached hereto as Exhibit I.

---

[3] www.performanceimpressions.com/Black_Star_Bonnaroo_2012/content/Black_Star_opp2528_large.html#.V4U_h7grKhc

38. Defendant is not and has never been licensed to use the Furthur Photograph, Haynes Photograph, Bey Photograph, or any other photograph registered by Plaintiff with the U.S. Copyright Office.

39. Defendant's conduct therefore constitutes direct, contributory, vicarious, and willful infringement of Plaintiff's copyrights.

<u>Violations of Digital Millennium Copyright Act</u>

40. The Haynes Photograph in its original form contained the above-referenced copyright notice on its bottom right hand corner.

41. In addition to the copyright infringements noted above, Defendant has violated the Digital Millennium Copyright Act (DMCA) by cropping off the entire copyright notice from the Haynes Photograph.

42. The Bey Photograph in its original form contained the above-referenced copyright notice on its bottom right hand corner.

43. In addition to the copyright infringements noted above, Defendant has violated the Digital Millennium Copyright Act (DMCA) by cropping off the entire copyright notice from the Bey Photograph.

44. Therefore, in addition to actual damages for copyright infringement, Plaintiff is entitled to statutory damages of up to $25,000 per violation under 17 USC § 1203(c)(3)(B) for the falsifying or deleting of copyright management information.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Copyright Infringement)**

45. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 44 as though fully set forth herein, and incorporates those allegations herein by reference.

46. Plaintiff owns the valid copyrights and registrations which protect the Furthur Photograph, Haynes Photograph, and Bey Photograph.

47. Plaintiff's copyright registrations establish *prima facie* evidence of the validity of his copyrights under 17 USC § 410(c).

48. Plaintiff's copyright registrations establish a public record of his copyright claims.

49. Plaintiff makes his photographic works available online for a licensing fee.

50. Plaintiff did not authorize Defendant's copying, modifying, distribution, display, and use of either the Furthur Photograph, Haynes Photograph, or Bey Photograph.

51. Pursuant to the Copyright Act, 17 USC § 101 *et seq.*, Defendant has infringed Plaintiff's copyright interests in and relating to the Furthur Photograph, Haynes Photograph, and Bey Photograph by reproducing, adapting, distributing, and publicly displaying Plaintiff's copyrighted images online.

52. Defendant's unauthorized and unlicensed infringement of Plaintiff's exclusive rights under the Copyright Act, 17 USC § 106 occurred after Plaintiff's copyright registrations.

53. Defendant has received financial benefits and profited from the unlicensed exploitation of the copyrighted photographs at issue in this lawsuit.

54. Alternatively, Defendant has materially contributed to and induced the unlawful use of Plaintiff's copyrights or has failed to exercise its rights and abilities to control the conduct of those responsible for the infringements, thereby deriving a financial benefit from the infringements.

55. Defendant's conduct was either intentional and undertaken with a complete disregard of Plaintiff's rights or, alternatively, Defendant's conduct was willful and undertaken

with actual or constructive notice that it was in violation of Plaintiff's rights and done nevertheless in reckless disregard of Plaintiff's copyright interests.

56. Defendant's wrongful conduct has deprived Plaintiff of the benefit of his exclusive right to distribute, copy, and sell his copyrighted works, and has deprived Plaintiff of the usual and customary licensing fee and royalties to which he would be entitled if the copyrighted works at issue were properly licensed.

57. Plaintiff is entitled to recover from Defendant the damages, including attorneys' fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant, as a result of its acts of infringement.

58. The amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff at this time.

59. Alternatively, Plaintiff is entitled at his election to an award of statutory damages based upon the Defendant's acts of infringement.

60. Plaintiff is entitled to an award of attorneys' fees and costs based upon the Defendant's acts of infringement.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violations of Digital Millennium Copyright Act)

61. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 60 as though fully set forth herein, and incorporates those allegations herein by reference.

62. Defendant has damaged Plaintiff and violated Plaintiff's rights under 17 USC § 1202 by altering or removing the copyright management information from the Haynes Photograph and Bey Photograph before posting them online.

63. Defendant's actions were taken without license, authority, or consent.

64. Defendant's conduct was knowing, intentional, and willful.

65. Defendant knew or had reasonable grounds to know that the alteration or removal of the copyright management information would aid its copyright infringement.

66. Plaintiff has been damaged by Defendant's conduct.

67. Plaintiff is entitled to damages pursuant to 17 USC § 1203(c)(3)(B).

68. Plaintiff is entitled to recover attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff respectfully prays for entry of judgment in his favor or an order providing the following relief against Defendant:

a. An award of statutory damages for infringement of the Further Photograph in an amount up to $150,000;

b. An award of statutory damages for infringement of the Haynes Photograph in an amount up to $150,000;

c. An award of statutory damages for infringement of the Bey Photograph in an amount up to $150,000;

d. An award of damages pursuant to 17 USC § 1203(c)(3)(B) for the removal or alteration of copyright management information from the Haynes Photograph, in an amount up to $25,000;

e. An award of damages pursuant to 17 USC § 1203(c)(3)(B) for the removal or alteration of copyright management information from the Bey Photograph, in an amount up to $25,000;

f. An award of enhanced statutory damages against Defendant for knowingly and deliberately copying the Furthur Photograph, Haynes Photograph, and Bey Photograph;

g. An award of Plaintiff's actual damages and Defendant's profits;

h. An award of Plaintiff's attorneys' fees and costs pursuant to 17 USC § 505;

i. An injunction preventing further infringement of Plaintiff's copyrights; and

j. Such other relief that this Court finds just and proper.

Dated: New York, New York
August 14, 2016

                                 Respectfully submitted,

                                 **LAW OFFICE OF ARIEL BERSCHADSKY**

By: _____
                                 Ariel Berschadsky, Esq.
                                 30 Wall Street, 8th Floor
                                 New York, NY 10005
                                 Tel: (212) 372-3322
                                 Fax: (212) 214-0827
                                 ab@berschadsky.com
                                 *Attorney for Plaintiff*